IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DEBORAH STEWART, ) | |
| ) | No. 2:11-cv-03020-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY and LES JORDAN, III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on plaintiff's motion to remand. For the reasons set forth below, the court denies plaintiff's motion.

## I. BACKGROUND

Plaintiff Deborah Stewart ("Stewart") filed a complaint in the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit in Colleton County, on October 4, 2011, for breach of contract and bad faith resulting from an insurance claim made under Stewart's automobile insurance policy with State Farm Fire and Casualty Company ("State Farm"). Defendants State Farm and Les Jordan, III ("Jordan") (collectively, "defendants") filed a notice of removal in this court on November 7, 2011, asserting diversity jurisdiction under 28 U.S.C. § 1332. Defendants then filed an answer to the complaint on November 10, 2011. On November 21, 2011, Stewart filed the instant motion to remand to state court.

## II. DISCUSSION

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or

1

defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' § 1441(b)." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Once the defendant files a notice of removal in federal court, the plaintiff may seek a remand to state court. Id. at 69 (citing 28 U.S.C. § 1447(c)). The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, remand is necessary." Id. District courts have original diversity jurisdiction over a case "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

Defendants argue that Jordan, a South Carolina resident, was fraudulently joined and should therefore be ignored for purposes of establishing diversity jurisdiction. Stewart asserts that joinder was proper and argues that because Stewart and Jordan are both South Carolina residents, there is not complete diversity. Stewart concedes that the amount in controversy exceeds $75,000.

To establish fraudulent joinder, the removing party must either prove: (1) that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court"; or (2) that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (citations omitted). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993).

The only issue here is whether Stewart can possibly establish a cause of action against Jordan, as defendants do not argue that Stewart committed any outright fraud by joining Jordan.  Defendants argue that Jordan is not a party to the insurance contract and, therefore, Stewart cannot maintain her causes of action for breach of contract and breach of the duty of good faith and fair dealing against Jordan under South Carolina law.  In South Carolina, when an agent enters into a contract for a known principal while acting within her authority as an agent, she is not personally liable on the resulting contract.  Skinner & Ruddock, Inc. v. London Guarantee & Accident Co., 124 S.E.2d 178, 180 (S.C. 1962).  The liability, if any, is of the principal alone.  Id.  Jordan was an agent of State Farm, a known principal, and acted within his authority as an agent.

Moreover, "the duty of good faith in the performance of obligations based on or arising under the contract does not extend to a person who is not a party to the insurance contract."  Carolina Bank & Trust Co. v. St. Paul Fire & Marine Co., 310 S.E.2d 163, 166 (S.C. Ct. App. 1983).  When an insurance agent is not a party to the contract, no duty of good faith and fair dealing may be implied between the agent and the insured.  See id. at 166 & n.1.  There is no evidence here that Jordan was a party to the contract; instead, the evidence shows that Jordan acted as an insurance agent for State Farm.  See Compl. ¶ 3.  For these reasons, Stewart cannot possibly maintain an action against Jordan for breach of contract or breach of the duty of good faith and fair dealing.

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiff's motion to remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 26, 2012**
**Charleston, South Carolina**